UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Marjorie L. Crawford,** | ) | **CASE NO.1:15 CV 865** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States of America, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 8). For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Marjorie Crawford, on behalf of her deceased spouse, filed this Complaint against defendants United States of America and Robert McDonald, Secretary of U.S. Department of Veterans Affairs. The Complaint, filed pursuant to the Federal Tort Claims Act (FTCA), alleges medical malpractice and wrongful death arising out of the December 25, 2010 death of plaintiff's husband while under the care of the Department of Veterans Affairs. The Complaint asserts four claims against various employees of defendants.

1

This case is a re-filing of a previously filed and dismissed case. On November 29, 2013, plaintiff filed a Complaint containing identical allegations as those herein.  Case No. 1:13 CV 2654.  The case was assigned to this Court.  Plaintiff acknowledged in that Complaint, as she does herein, that she still needed to secure her required affidavit of merit. On January 28, 2014, the United States of America moved to dismiss the case for failure to state a claim because plaintiff had failed to attach the affidavit of merit as required by Ohio R. Civ. P. 10(D). Plaintiff responded by moving for an extension of time until March 28, 2014 to obtain the affidavit.  The Court granted the unopposed motion. Plaintiff did not obtain the affidavit by that date and filed a second request for extension of time until April 27, 2014. Again, the Court granted the unopposed motion. Plaintiff never filed the affidavit. Accordingly, by Order of Dismissal of May 1, 2014, this Court dismissed the Complaint for failure to provide the required affidavit.  Plaintiff re-filed this Complaint on May 1, 2015. Plaintiff did not attach an affidavit of merit, acknowledging such in her Complaint.

This matter is now before the Court upon defendants' Motion to Dismiss.

**Discussion**

Defendants move to dismiss on two bases.  First, defendants assert that the Complaint fails to state a claim given the absence of the required affidavit.  Second, defendants contend that the Complaint is untimely because it was filed beyond the applicable statute of limitations. Both bases have merit.

**(1) affidavit of merit**

Ohio R. Civ. P. 10(D)(2)(a) states, in relevant part:

Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical

2

> claim, dental claim, optometric claim, or chiropractic claim,…shall include one or more
> affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence.

This Court has previously acknowledged in dismissing plaintiff's prior Complaint that Rule 10(D)(2)(a) applies to FTCA medical malpractice claims. *See also Bierbauer v. Manenti*, 2010 WL 4008835 (N.D.Ohio October 12, 2010) ("Accordingly, FTCA claims alleging medical malpractice in Ohio district courts must be accompanied with an affidavit of merit or be dismissed.")

In response, plaintiff asserts that with respect to Count Three, where she alleges substandard nursing care, she is requesting "one last opportunity" of 30 days to secure her affidavit of merit.

Because Count Three involves a medical claim, plaintiff is required to submit the affidavit of merit. Plaintiff seeks an extension of 30 days to do so.  The request is not warranted. Ohio Rule 10(D) states that a request for an extension of time up to 90 days shall be filed with the Complaint.  Plaintiff did not do so, and more than 90 days have lapsed from the filing of the Complaint.  Additionally, the Rule also requires that plaintiff show good cause in requesting the extension.  Plaintiff does not do so as she presents no argument or evidence as to why she needs more time.  Finally, this is a re-filed case and, as discussed above, plaintiff was already granted two extensions to secure the affidavit and failed to do so.

Accordingly, the Complaint fails to state a claim for failure to attach the required affidavit.

**(2) statute of limitations**

Even if plaintiff could provide the affidavit of merit, the Complaint is untimely because it was filed beyond the statute of limitations set forth in the FTCA. 28 U.S.C. § 2401(b) states that the Complaint must be filed within six months of the date of mailing of the federal agency's notice of denial of the claim. Plaintiff notes in her Complaint that the final decision on her administrative claim was rendered on May 30, 2013 by the Department of Veterans Affairs. (Compl. ¶ 20) This Complaint was not filed until May 1, 2015.

Courts have held that the statute of limitations is not tolled while the first suit was pending. *Holland v. U.S.A.,* 2012 WL 4442755 (S.D.Ohio September 25, 2012) (citing *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir.1962)("An action dismissed without prejudice leaves the situation the same as if the suit had never been brought ... [i]n the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.") and *Wilson v. Grumman Ohio Corp*., 815 F.2d 26, 28 (6th Cir.1987) ("The filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statute of limitations" and if the limitations period has run by the time the dismissal is filed, the new action is generally untimely)). Accordingly, the Complaint is subject to dismissal on this basis.

Plaintiff contends that Ohio's Savings Statute, which would give her one year from the dismissal of the previous Complaint, should apply to save her claim. Plaintiff recognizes that courts in this Circuit have held that the Savings Statute is inapplicable to FTCA claims but asserts that "in light of the recent revelations regarding medical treatment rendered by the VA," it is time for courts to overrule this precedent. The Court disagrees.

As noted in *Holland, supra,* "The Ohio savings statute... does not apply to FTCA

4

claims. The Sixth Circuit has held that 'the statute of limitations in § 2401(b) must be strictly construed, and this court may not extend it by relying on the tolling provisions of state law.' *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir.2004)." Plaintiff provides insufficient basis for this Court to decline to follow Sixth Circuit precedent.

Accordingly, plaintiff's Complaint is untimely.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.

                                               /s/ Patricia A. Gaughan
                                               PATRICIA A. GAUGHAN

Dated:  11/9/15                            United States District Judge